**NOTC**
MICHAEL M. EDWARDS, ESQ.
Nevada Bar No. 6281
NICHOLAS HAMILTON, ESQ.
Nevada Bar No. 10893
Wolfenzon Rolle Edwards
6725 Via Austi Parkway, Suite 260
Las Vegas, Nevada 89119
(702)836-3138
medwards@wolfenzon.com
nhamilton@wolfenzon.com

*Attorneys for Defendant, Winnebago Industries, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JUDY NEWBY, an Individual, CONLEY NEWBY, an Individual, <br><br> Plaintiffs, <br><br> vs. <br><br> WINNEBAGO INDUSTRIES, INC., a Nevada Foreign Corporation, DOES I-X; and ROE BUSINESS ENTITIES I-X. <br><br> Defendant. | CASE NO.: <br><br> **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §1441(a) (FEDERAL QUESTION)** |

**TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

Defendants WINNEBAGO INDUSTRIES, INC., (hereinafter "Defendant") by and through its counsel of record, WOLFENZON ROLLE EDWARDS, petitions this Court for the removal of the above-captioned action from the District Court of the State of Nevada in and for the County of Clark, in which it is currently pending, to the United States District Court for the District of Nevada at Las Vegas, pursuant to 28 USC §1441(a), et. seq.

As part of this petition, defendant/petitioner shows the Court the following:

1.      Plaintiff commenced this matter in the Eighth Judicial District Court, Clark County, State of Nevada in Case No. A-15-727625-C by the filing of a complaint on November 12, 2015.  A copy of the Plaintiff's Complaint setting forth his claims for relief is

attached hereto as **Exhibit "A."** Defendant Winnebago accepted service of Plaintiff's Complaint on December 10, 2015. A copy of Proof of Service and Summons attached hereto as **Exhibit "B."**

2.      The Plaintiff seeks recovery under the Magnuson-Moss Warranty Act 15 U.S.C. §§ 2301 et seq. Courts need look no farther than the pleadings to determine the amount in controversy unless it is apparent from the face of the pleadings "to a legal certainty, that the plaintiff cannot recover the amount claimed."[1] This claim is sought in connection with the purchase of a Winnebago recreational vehicle, which the Plaintiff asserts to have a purchase price in excess of $70,000.00.[2]

3.      This action is therefore a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441(a) in that it arises under 15 U.S.C. §§ 2301 et seq.

4.      Based on foregoing, Defendant hereby remove this action now pending in the Clark County District Court as Case No.: A-727625-C, assigned to Department XXVIII.

DATED this **29** day of December, 2015.

**WOLFENZON ROLLE EDWARDS**

MICHAEL M. EDWARDS, ESQ.
Nevada Bar No. 6281
NICHOLAS HAMILTON, ESQ.
Nevada Bar No. 10893
6725 Via Austi Parkway, Suite 260
Las Vegas, Nevada 89119
702-836-3138
*Attorneys for Defendant, Winnebago Industries, Inc.*

---

[1]  Kelly v. Fleetwood Enterprises, Inc., 377 F.3d 1034, 1037 (9th Cir. 2004)

[2] *See* Exhibit A, at paragraph 8.

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of WOLFENZON ROLLE EDWARDS, and that on this _____ day of December, 2015, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. Section 1441(a) (FEDERAL QUESTION)** to all parties on file with the CM/ECF:

Scott A. Knight, Esq.
Nevada Bar No. 9083
2850 W. Horizon Ridge Pkwy.
Henderson, NV 89052
702-462-6083
*Attorney for Plaintiffs*

BY_____
An Employee of Wolfenzon Rolle Edwards

# EXHIBIT A

# DISTRICT COURT CIVIL COVER SHEET

Clark................. County, Nevada

Case No. .................................
*(Assigned by Clerk's Office)*

A-15-727625-C

XXVIII

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Judy Newby and Conley Newby | Winnebago Industries, Inc., a Nevada Foreign Corporation |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| Scott A. Knight, Esq. | |
| 2850 W. Horizon Ridge Pkwy. | |
| Henderson, NV 89052 | |
| (702) 462-6762 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | | Torts | |
|---|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** | |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability | |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct | |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort | |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort | |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort | |
| **Other Real Property** | ☐ Legal | | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | | |
| ☐ Other Real Property | ☐ Other Malpractice | | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ■ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing | |
|---|---|---|---|
| **Civil Writ** | | **Other Civil Filing** | |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim | |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment | |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters | |

*Business Court filings should be filed using the Business Court civil coversheet.*

11/12/15

Date

Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
11/12/2015 04:25:34 PM

*[signature]*

**CLERK OF THE COURT**

COMP
**KNIGHT LAW**
Scott A. Knight, Esq.
Nevada Bar No. 9083
2850 W. Horizon Ridge Pkwy., Ste. 200
Henderson, Nevada 89052
Telephone: (702) 462-6083
Facsimile: (702) 462-6084
Email: scott@KnightLawNV.com
Attorney for Plaintiffs Conley and Judy Newby

**KNIGHT LAW**
2850 W. Horizon Ridge Pkwy., Ste. 200
Henderson, Nevada 89052
Ph: (702) 462-6083 | Fx: (702) 462-6084

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JUDY NEWBY, an Individual; CONLEY NEWBY, an Individual, <br><br> Plaintiffs, <br><br> vs. <br><br> WINNEBAGO INDUSTRIES, INC., a Nevada Foreign Corporation, DOES I-X; and ROE BUSINESS ENTITIES I-X, <br><br> Winnebago. | Case No.: A-15-727625-C <br> Dept. No.: XXVIII <br><br> *Exempt from Arbitration: Amount in Controversy Exceeds $50,000* |

## COMPLAINT

Plaintiffs Judy Newby and Conley Newby (collectively "the Newby Family"), by and through their attorney, KNIGHT LAW, hereby file this Complaint and allege as follows:

## PARTIES

1.    Judy Newby is, and was at all times relevant hereto herein, an individual residing in Clark County, Nevada.

2.    Conley Newby is, and was at all times relevant hereto herein, an individual residing in Clark County, Nevada.

3.    Upon information and belief, Winnebago Industries, Inc. ("Winnebago"), is, and was at all times relevant hereto herein, a foreign corporation authorized to do business in Nevada.

4.    The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES I-X, inclusive, and ROE BUSINESS ENTITIES I-X, inclusive, are unknown to the Newby Family at this time, and therefore the Newby

1  Family sues said Defendants by fictitious names and will ask leave of the Court to amend this

2  Complaint to reflect the true names and capacities of such Defendants when the same are

3  ascertained. The same Defendants are sued as principals and/or agents, servants, attorneys, and

4  employees of said principals, and all the acts performed by them were in the course and scope of

5  their authority and employment. The Newby Family is informed and believes and thereupon

6  alleges that each of said Defendants is legally responsible in some manner for the events and

7  happenings referred to herein, and directly and proximately caused the damages and injuries to the

8  Newby Family alleged including, but not limited to, the breach of warranty, and/or breach of the

9  implied covenant of good faith and fair dealing, and/or violation of the Magnuson Moss Warranty

10  Act, and/or violation of the Nevada Deceptive Trade Practices Act and/or the Arizona Consumer

11  Fraud Act.

12                          **JURISDICTION AND VENUE**

13          5.      Jurisdiction and venue are properly set in the Eighth Judicial District of Nevada

14  because the warranty was breached in this District and the acts and transactions giving rise to this

15  Complaint occurred within Clark County and elsewhere in Nevada.

16                          **PRELIMINARY STATEMENT**

17          6.      This case involves a defective recreational vehicle that was out of service over 100

18  days in the first year of its ownership and had at least 2 dozen defects and was in the repair shop

19  at least 7 times during that first eight months of ownership for warranty–covered repair and service

20  attempts.

21                          **PURCHASE OF THE WINNEBAGO**

22          7.      Judy Newby and Conley Newby are each a consumer and a buyer within the

23  meaning of applicable laws.

24          8.      On or about April 2014, the Newby Family purchased a Winnebago Minnie Winnie

25  "class C" recreational vehicle costing over them $70,000.00 ("Vehicle").

26          9.      The Newby Family performed all obligations, conditions precedent and conditions

27  subsequent with respect to the purchase of the Vehicle.

28  . . .

**KNIGHT LAW**
2850 W. Horizon Ridge Pkwy, Ste. 200
Henderson, Nevada 89052
Ph: (702) 462-6083 | Fx: (702) 462-6084

## WINNEBAGO'S MATERIAL BREACH OF THE AGREEMENT AND GUARANTEE

10.     Winnebago is a corporation doing business in Nevada, Arizona and elsewhere, and is a supplier and merchant and the warrantor of the Vehicle.

11.     On information and belief, La Mesa RV Center performed factory authorized repairs and/or services on the subject RV and was paid by Winnebago to do so and as a result, Winnebago ratified the acts and omissions of La Mesa RV Center.

12.     La Mesa RV Center was the actual and/or implied agent of Winnebago during the dealings which La Mesa RV Center had with the Newby Family.

13.     At all times relevant hereto, La Mesa RV Center was a supplier and merchant and an authorized repair and/or services and/or warranty representative of Winnebago.

14.     On information and belief, Findlay RV performed factory authorized repairs and/or services on the Vehicle and was paid by Winnebago to do so and as a result, Winnebago ratified the acts and omissions of Findlay RV.

15.     Findlay RV was the actual and/or implied agent of Winnebago during the dealings which Findlay RV had with the Newby Family regarding the Vehicle.

16.     At all times relevant hereto, Findlay RV was a supplier and merchant and an authorized repair and/or services and/or warranty representative of Winnebago.

17.     The Vehicle sold to the Newby Family was and is defective and has failed to perform properly for its intended purpose.

18.     Although Winnebago warranted the Vehicle, it has failed and/or refused to repair the Vehicle within a reasonable number of chances and/or a reasonable amount of time, and which warranty Winnebago breached.

19.     Defects still exist with the Vehicle today.

### FIRST CAUSE OF ACTION

(Breach of Warranty and/or Contract)

20.     The Newby Family repeats and realleges each and every allegation contained above and incorporates the same herein by reference.

21.     This claim is for breach of warranty and/or the parties' agreement by Winnebago.

KNIGHT LAW
2850 W. Horizon Ridge Pkwy., Ste 200
Henderson, Nevada 89052
Ph: (702) 462-6083 | Fx: (702) 462-6084

KNIGHT LAW
2850 W. Horizon Ridge Pkwy, Ste. 200
Henderson, Nevada 89052
Ph: (702) 463-6083 | Fx: (702) 462-8084

22.    The Newby Family satisfied all conditions precedent under the terms of the Winnebago's warranties.

23.    As a result of the above and the allegations below, among other things, Winnebago breached its warranties to the injury and damage of the Newby Family and in conjunction therewith committed one or more unfair and/or deceptive acts upon the Newby Family.

24.    In April 2014, the parties entered into a consumer transaction, in that the Newby Family agreed to purchase a certain 2014 Winnebago RV from La Mesa RV Center, namely the Vehicle, the dealer agreed to sell it to the Newby Family, and as part of the deal Winnebago agreed to warrant the Vehicle to be free from defects and malfunctions.

25.    The Vehicle is believed to bear vehicle identification number 1FDXE 4FS 7DDB 27032.

26.    The Newby Family purchased the Vehicle in reliance on the existence of warranties from Winnebago and on advertising representations of Winnebago.

27.    After purchasing the Vehicle, the Newby Family discovered it did not conform to the representations of Winnebago in as much as it developed continuing malfunctions, defects and problems and that was unfair and/or deceptive to the Newby Family.

28.    Although the Newby Family gave Winnebago and its authorized repair facilities a reasonable opportunity, a reasonable amount of time, and a reasonable number of chances to comply with the warranty obligation of Winnebago, Winnebago and/or its authorized representatives failed to do so, and such conduct constitutes a material breach of the warranty and/or agreement.

29.    Because of the warranty-covered defects and the other problems and malfunctions in the Vehicle, the Newby Family notified Winnebago and/or one or more of its authorized servicing and repairing dealer's and/or agents of the numerous defects and delivered the Vehicle into the possession of Winnebago and/or one or more of its authorized servicing dealers at their cost and/or expense beginning shortly after the purchase and repeatedly thereafter in 2014 and 2015.

. . .

30.     After being in the repair shop multiple times and accumulating two dozen or more defects and experiencing stalling and delaying and a runaround from Winnebago and/or its authorized repair facilities and/or dealers, the Newby Family no longer has any confidence in the reliability of the Vehicle or the ability of the Winnebago to live up to its warranties, such warranties having failed in their essential purpose.

31.     In addition, any limitations contained within the warranties are null and void and without consideration, and the Newby Family are entitled to all applicable legal and equitable remedies in law.

32.     Through its advertising and otherwise, Winnebago represented the Vehicle was designed and built for the purpose for which the Vehicle was designed and the Vehicle would be and is safe and suitable for its intended and designed use, reliably operable for private use and/or transportation.

33.     The Newby Family purchased the Vehicle in reliance upon the belief that Winnebago possessed a high degree of manufacturing, design, construction, and assembly skill and judgment, but based on the Vehicle they ended up with, the Newby Family believe this turned out not to be true.

34.     Through its advertising and otherwise, Winnebago represented that the RVs which it designed and built such as the Vehicle were of merchantable quality, fit and in proper condition for the ordinary use for which such RVs are designed, intended and used, and the Newby Family relied on such, but based on the RV they ended up with, the Newby Family believe this turned out not to be true either.

35.     The malfunctions and problems and defects in the Vehicle severely and substantially impaired its use and/or safety and/or value to the Newby Family, which was and is unfair and/or deceptive to the Newby Family.

36.     The failure by the Winnebago to timely and properly fix all of the Vehicle's defects has caused the Newby Family to lose confidence in the reliability of the Vehicle and in the ability of Winnebago and its authorized repairing and servicing agents to fix the Vehicle's defects,
. . .

KNIGHT LAW
2850 W. Horizon Ridge Pkwy., Ste. 200
Henderson, Nevada 89052
Ph: (702) 462-6083 | Fx: (702) 462-6364

1  problems and malfunctions once and for all time, which was and is unfair and/or deceptive to the

2  Newby Family.

3       37.    The Newby family provided Winnebago and/or its agents with a reasonable number

4  of opportunities to repair the Vehicle but they have each neglected, failed, refused or otherwise

5  been unable to do so within a reasonable amount of time and within a reasonable number of

6  attempts.

7       38.    As a result of the above and below, Winnebago breached its express and/or implied

8  warranties, committed one or more unfair and/or deceptive acts which remain uncured.

9       39.    One or more of the defects and problems and malfunctions in the Vehicle were

10  covered under the terms of the warranties from the Winnebago, and the Winnebago failed to fully

11  repair the Vehicle, thereby diminishing the use and/or safety and/or value of the Vehicle, which

12  was and is unfair and/or deceptive to the Newby Family.

13       40.    Winnebago and/or one or more of its agents had notice of the breaches of the

14  warranties and the defective condition of the Vehicle within a reasonable time.

15       41.    Winnebago included in its primary written warranty one or more unfair and/or

16  deceptive terms that were one-sided and/or unfair and/or unconscionable to the Newby Family and

17  Winnebago knew or should have known of the same.

18       42.    The primary written warranty terms of from Winnebago failed to comply with the

19  requirements of the Magnuson Moss Warranty Act, which was and is unfair and/or deceptive to

20  the Newby Family.

21       43.    The Newby Family suffered and shall continue to suffer actual, incidental,

22  consequential, and other damages as a direct and proximate result of the inability or other failure

23  of Winnebago and its agents to repair and/or replace the Vehicle and/or refund its price and cost,

24  which was and is unfair and/or deceptive to the Newby Family.

25       44.    It has become necessary for the Newby Family to engage the services of an attorney

26  to prosecute this action, and therefore, the Newby Family are entitled to costs and attorney fees as

27  general and special damages.

28  . . .

KNIGHT LAW
2850 W. Horizon Ridge Pkwy., Ste 200
Henderson, Nevada 89052
Ph: (702) 462-6083 | Fx: (702) 462-6084

## SECOND CAUSE OF ACTION

(Breach of Implied Covenant of Good Faith and Fair Dealing)

45.     The Newby Family repeats and realleges each and every allegation contained above and incorporates the same herein by reference.

46.     Each and every contract in the State of Nevada carries an implied covenant of good faith and fair dealing.

47.     Winnebago entered into a contract and agreement with La Mesa RV Center regarding the Vehicle and in doing so offered to sell the Vehicle to La Mesa RV Center at a wholesale cost, and as part of the deal, to provide its warranties upon the Vehicle to La Mesa RV Center for the purpose of transferring said warranties to the first retail purchaser of the Vehicle from La Mesa RV Center and the consideration for the agreement was a certain price which La Mesa RV Center would pay to Winnebago.

48.     In making its offer to La Mesa RV Center, Winnebago intended, knew and/or should have known a consumer purchaser would acquire the Vehicle from La Mesa RV Center and that part of the consideration for that purchase would be the provision to the consumer purchaser of the warranties from Winnebago as part of the purchase transaction itself.

49.     Subsequently, La Mesa RV Center offered to sell the Vehicle to the Newby Family if the Newby Family would agree to pay and agreed upon price for the Vehicle and if La Mesa RV Center would provide to the Newby Family the warranties covering the Vehicle, which were offered and provided by Winnebago.

50.     The Newby Family agreed to purchase the Vehicle with the warranties from Winnebago, being a term of the purchase agreement between them and La Mesa RV Center.

51.     As such, Winnebago had a duty to deal with the Newby Family in good faith.

52.     As a direct and proximate result of Winnebago's failure to deal with the Newby Family in good faith, the Newby Family has suffered damages in an amount exceeding $10,000.00.

53.     It has become necessary for the Newby Family to engage the services of an attorney to prosecute this action, and therefore, the Newby Family is entitled to costs and attorney fees as general and special damages.

KNIGHT LAW
2850 W. Horizon Ridge Pkwy., Ste. 200
Henderson, Nevada 89052
Ph: (702) 462-6083 | Fx: (702) 462-6084

## THIRD CAUSE OF ACTION

### (Magnuson Moss Warranty Act)

54. The Newby Family repeats and realleges each and every allegation contained above and incorporates the same herein by reference.

55. Winnebago has breached its express and/or implied warranties without legal excuse and/or otherwise failed to comply with its obligations under the Warranty Act, which was and is unfair and/or deceptive to the Newby Family.

56. As a result of the above, among other things, the Winnebago is in violation of the Warranty Act and such violations are the direct and proximate cause of economic and/or other harm and injury to the Newby Family.

57. As a direct and proximate result of Winnebago's actions, the Newby Family has suffered damages in an amount exceeding $10,000.00.

58. It has become necessary for the Newby Family to engage the services of an attorney to prosecute this action, and therefore, the Newby Family is entitled to costs and attorney fees as general and special damages.

## FOURTH CAUSE OF ACTION

### (Nevada and/or Arizona Udap Statutes)

59. The Newby Family repeats and realleges each and every allegation contained above and incorporates the same herein by reference.

60. As a result of a the above, among other things, one or more unfair and/or deceptive and/or unconscionable acts or practices were committed by Winnebago to the legal injury of the Newby Family and which also remain uncured.

61. Such acts or practices include: breach of express and/or implied warranties, violation of the Magnuson Moss Warranty Act, violation of applicable state Udap and/or other consumer protection statutes, representing that the subject of a consumer transaction has performance, characteristics, accessories, uses and/or benefits it does not have which the supplier knows or should reasonably know it does not have, failing to remedy defects in a warranted vehicle within a reasonable number of attempts, failing to remedy defects in a warranted vehicle within a

reasonable amount of time, failing to honor a request to take the vehicle back and/or rescind and/or cancel the sale in a warranty transaction, failing to honor a request to take the vehicle back and/or rescind and/or cancel the transaction within a reasonable amount of time, including one or more unfair and/or deceptive and/or unconscionable and/or unreasonable terms under any written warranty document, stalling and/or delaying the performance of a legal obligation, representing that defects have been repaired when in fact they were not, and representing that the merchant and/or supplier is able to deliver and/or complete the subject of a consumer transaction within a stated period of time when the merchant and/or supplier knows and/or reasonably should know it could not.

62. As a direct and proximate result of Winnebagos' actions, the Newby Family has suffered damages in an amount exceeding $10,000.00.

63. It has become necessary for the Newby Family to engage the services of an attorney to prosecute this action, and therefore, the Newby Family is entitled to costs and attorney fees as general and special damages.

**WHEREFORE**, the Newby Family prays for relief as follows:

1. That each of Plaintiffs' claims be granted and awarded;

2. For general damages in excess of $10,000.00;

3. For pre-judgment and post-judgment interest at the statutory rate;

4. For reasonable attorney fees as general and special damages;

...
...
...
...
...
...
...
...
...

KNIGHT LAW
2850 W. Horizon Ridge Pkwy., Ste. 200
Henderson, Nevada 89052
Ph: (702) 462-6083 | Fx: (702) 462-6084

5.   For the costs of suit incurred herein; and

6.   For such other and further relief as this Court may deem just and proper.

Dated this 11th day of November, 2015.

KNIGHT LAW

By: _Scott Knight_

Scott A. Knight, Esq.
Nevada Bar No. 9083
2850 W. Horizon Ridge Pkwy
Henderson, Nevada 89052
Attorney for Plaintiffs Conley and Judy
Newby

KNIGHT LAW
2850 W. Horizon Ridge Pkwy., Ste. 200
Henderson, Nevada 89052
Ph. (702) 462-6083 | Fx: (702) 462-6084

# EXHIBIT B

12/10/15  1:00 PM PP

SUMM
**KNIGHT LAW**
Scott A. Knight, Esq.
Nevada Bar No. 9083
2850 W. Horizon Ridge Pkwy., Ste. 200
Henderson, Nevada 89052
Telephone: (702) 462-6083
Facsimile: (702) 462-6084
Email: scott@KnightLawNV.com
   Attorney for Plaintiffs

## DISTRICT COURT

## CLARK COUNTY, NEVADA

JUDY NEWBY, an Individual; CONLEY
NEWBY, an Individual,

                Plaintiffs,

        vs.

WINNEBAGO INDUSTRIES, INC., a Nevada
Foreign Corporation,

                Defendant.

Case No.: A-15-727625-C
Dept. No.: XXVIII

Exempt from Arbitration: Amount in
Controversy Exceeds $50,000

## SUMMONS – CIVIL

## WINNEBAGO INDUSTRIES, INC.

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

        **TO THE DEFENDANT:    WINNEBAGO INDUSTRIES, INC.**

        A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

        1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

                (a)    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

Page 1 of 2

1         (b)     Serve a copy of your response upon the attorney whose name and address

2     is shown below.

3         2.     Unless you respond, your default will be entered upon application of the Plaintiff(s)

4 and failure to so respond will result in a judgment of default against you for the relief demanded

5 in the Complaint, which could result in the taking of money or property or other relief requested

6 in the Complaint.

7         3.     If you intend to seek the advice of an attorney in this matter, you should do so

8 promptly so that your response may be filed on time.

9         4.     The State of Nevada, its political subdivisions, agencies, officers, employees, board

10 members, commission members and legislators each have 45 days after service of this Summons

11 within which to file an Answer or other responsive pleading to the Complaint.

12

Submitted by:

13 **KNIGHT LAW**                              **CLERK OF THE COURT**

14

15 Scott A. Knight, Esq.                      By: _____

Nevada Bar No. 9083                        Deputy Clerk

16 2850 W. Horizon Ridge Pkwy            Regional Justice Center

Henderson, Nevada 89052                200 Lewis Avenue

17 Attorneys for Plaintiff                      Las Vegas, NV 89155

18

19

20

21

22

23

24

25

26

27

28

KNIGHT LAW
2850 W. Horizon Ridge Pkwy., Ste. 200
Henderson, Nevada 89052
Ph: (702) 462-6083 | Fx: (702) 462-6084

 CT Corporation

**Service of Process Transmittal**
12/10/2015
CT Log Number 528300822

TO:  Scott Folkers
     Winnebago Industries, Inc.
     605 W Crystal Lake Rd
     Forest City, IA 50436-2316

RE:  **Process Served in Nevada**

FOR: Winnebago Industries, Inc. (Domestic State: IA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Judy Newby, etc. and Conley Newby., etc., Pltfs. vs. Winnebago Industries, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, |
| **COURT/AGENCY:** | Clark County District Court, NV<br>Case # A15727625C |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - 2014 Winnebago RV |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/10/2015 at 13:10 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | Scott A. Knight<br>Knight Law<br>2850 W. Horizon Ridge Pkwy<br>Ste 200<br>Henderson, NV 89052<br>702-462-6083 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 781912045761 |
| | Image SOP |
| | Email Notification,  Scott Folkers  sfolkers@winnebagoind.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | The Corporation Trust Company of Nevada<br>701 S Carson St.<br>Suite 200<br>Carson City, NV 89701-5239<br>314-863-5545 |

Page 1 of  1 / NR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.